NOT FOR PUBLICATION

FILED

MAY 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI LEE PONCE, | No. 13-36192 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00172-AC |
| v. | |
| U.S. GOVERNMENT, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 4, 2016
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Tori Lee Ponce appeals the district court's dismissal of her third amended complaint and denial of leave to amend to assert a *Bivens*[1] claim against unnamed employees of the Department of Labor ("the Doe Defendants"). The Doe Defendants allegedly initially denied, and then granted in part, Ponce's claim for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]     *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* in violation of her constitutional rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]

1. Whether to recognize a *Bivens* claim is governed by a two-pronged inquiry. First "is the question whether any alternative, existing process for protecting the [constitutional] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Second, even if no such process exists, "a *Bivens* remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 378 (1983)). The district court relied solely on the first prong of the inquiry, concluding that "the comprehensive remedial scheme of [FECA] in the federal employment context prevents the recognition of a *Bivens* remedy."

2. We agree. Ponce's claim arises "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving

---

[2]   The district court dismissed Ponce's third amended complaint on sovereign immunity grounds because it sought damages against the United States. On appeal, Ponce challenges only the court's denial of leave to amend to assert a *Bivens* claim against the Doe Defendants.

2

meaningful remedies against the United States." *Bush*, 462 U.S. at 368. A *Bivens* remedy is inappropriate because, through FECA, "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

3. The FECA statutory scheme is materially indistinguishable from the Social Security legislation reviewed in *Schweiker*. FECA provides for an initial determination by an agency of a claimant's eligibility for benefits, followed by multiple levels of review, including de novo review and the ability to present new evidence. *Compare* 487 U.S. at 424 (detailing the Social Security process), *with* 20 C.F.R. § 10.600 *et seq.* (detailing FECA process). Moreover, the remedy Ponce seeks is virtually identical to the one sought in *Schweiker*: "consequential damages for hardships resulting from an allegedly unconstitutional denial of a statutory right." 487 U.S. at 428. "In light of the comprehensive statutory schemes involved, the harm resulting from the alleged constitutional violation can in neither case be separated from the harm resulting from the denial of the statutory right." *Id.* Nor does the possibility that the remedy in a *Bivens* action would be more favorable than those available under FECA justify the recognition of a *Bivens* claim. *See Schweiker*, 487 U.S. at 425; *Bush*, 462 U.S. at 372.

**AFFIRMED.**

3